**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000756
27-JUN-2014
08:52 AM**

NO. CAAP-14-0000756

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

PFLEUGER, INC., Plaintiff-Appellee,
v.
NOGUCHI & ASSOCIATES,
Defendant/Cross-Claim Plaintiff/Appellant,
and
AIU HOLDINGS, INC.,
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PENNSYLVANIA,
Defendants/Cross-Claim Defendants/Appellees,
and
DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10,
and DOE ENTITIES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-1326)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record on appeal, it appears that we lack appellate jurisdiction over this appeal that Defendant/ Cross-Claim Plaintiff/Appellant Noguchi & Associates, Inc. (Appellant Noguchi), has asserted from the Honorable Jeannette H. Castagnetti's December 4, 2014 judgment, because the December 4, 2014 judgment does not satisfy the requirements for an appealable

final judgment under Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2013), Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." The Supreme Court of Hawai'i requires that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" <u>Jenkins</u>, 76 Hawai'i at 119, 869 P.2d at 1338. "Thus, based on <u>Jenkins</u> and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." <u>Carlisle v. One (1) Boat</u>, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). Furthermore,

> <u>if a judgment purports to be the final judgment in a case involving multiple claims</u> or multiple parties, <u>the judgment</u> (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) <u>must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified[.]</u>

<u>Jenkins</u>, 76 Hawai'i at 119, 869 P.2d at 1338 (emphases added).

> <u>For example: "Pursuant to the jury verdict entered on (date), judgment in the amount of $___ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint." A statement that declares "there are no other outstanding claims" is not a judgment.</u> If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all

other claims, counterclaims, and cross-claims are dismissed."

Id. at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphases added).

When interpreting the requirements for an appealable final

judgment under HRS § 641-1(a) and HRCP Rule 58, the Supreme Court

of Hawaiʻi has explained that

> [i]f we do not require a judgment that resolves on its face
> all of the issues in the case, the burden of searching the
> often voluminous circuit court record to verify assertions
> of jurisdiction is cast upon this court. Neither the
> parties nor counsel have a right to cast upon this court the
> burden of searching a voluminous record for evidence of
> finality, . . . and we should not make such searches
> necessary by allowing the parties the option of waiving the
> requirements of HRCP [Rule] 58.

Jenkins, 76 Hawaiʻi at 119, 869 P.2d at 1338 (citation omitted;

original emphasis). "[A]n appeal from any judgment will be

dismissed as premature if the judgment does not, on its face,

either resolve all claims against all parties or contain the

finding necessary for certification under HRCP [Rule] 54(b)." Id.

(original emphasis).

Although this case involves multiple claims through

Plaintiff-Appellee Pflueger, Inc.'s (Appellee Pflueger), four-

count complaint and Appellant Noguchi's cross-claims against

Defendants/Cross-Claim Defendants/Appellees AIU Holdings, Inc.

(Appellee AIU Holdings) and National Union Fire Insurance Company

of Pittsburgh, Pennsylvania (Appellee National Union Fire

Insurance), the December 4, 2013 judgment does not specifically

identify the claim or claims on which the circuit court intends

to enter judgment, in violation of HRCP Rule 58 under the holding

in Jenkins. The December 4, 2013 judgment enters judgment in

favor of Appellee Pflueger and against Appellant Noguchi in the

amount of $1,432,210.45 without specifically identifying which of

the four counts in Appellee Pflueger's four-count complaint the circuit court intends to enter judgment on. Therefore, the December 4, 2014 judgment does not satisfy the requirements for an appealable final judgment under HRS § 641-1(a), HRCP Rule 58 and the holding in Jenkins.

In addition, the December 4, 2013 judgment also does not satisfy the requirements for appealability because the December 4, 2013 judgment neither resolves all of the parties' claims nor contains an express finding of no just reason for delay in the entry of judgment as to one or more but fewer than all claims or parties pursuant to HRCP Rule 54(b). Granted, on March 14, 2013, the parties filed an HRCP Rule 41(a)(1)(B) stipulation to dismiss Appellee Pflueger's complaint as to Appellee AIU Holdings and Appellee National Union Fire Insurance, and the Supreme Court of Hawai'i holds that where parties properly stipulate to dismiss claims without an order of the court pursuant to HRCP Rule 41(a)(1)(B), "a separate judgment is neither required nor authorized, inasmuch as a plaintiff's dismissal of an action, by filing a stipulation of dismissal signed by all parties [pursuant to HRCP Rule 41(a)(1)(B)], is effective without order of the court." Amantiad v. Odum, 90 Hawai'i 152, 158 n.7, 977 P.2d 160, 166 n.7 (1999) (internal quotation marks and brackets omitted). Nevertheless, the March 14, 2013 HRCP Rule 41(a)(1)(B) stipulation does not expressly dismiss Appellant Noguchi's cross-claims against Appellee AIU Holdings and Appellee National Union Fire Insurance, which, thus, the final judgment in this case must expressly enter

-4-

judgment on or dismiss in order to be appealable. The December 4, 2013 judgment does not enter judgment on or dismiss Appellant Noguchi's cross-claims against Appellee AIU Holdings and Appellee National Union Fire Insurance, and yet, as a judgment that resolves fewer than all claims, the December 4, 2014 judgment does not contain the finding necessary for certification under HRCP Rule 54(b). Therefore, the December 4, 2013 judgment does not satisfy the requirements for an appealable final judgment under HRS § 641-1(a), HRCP Rule 58 and the holding in Jenkins.

Absent an appealable final judgment, the appeal is premature and the Hawai'i Intermediate Court of Appeals lacks appellate jurisdiction over appellate court case number CAAP-14-0000756.

Accordingly, IT IS HEREBY ORDERED that appellate court case number CAAP-14-0000756 is dismissed for lack of appellate jurisdiction. All pending motions are dismissed as moot.

DATED: Honolulu, Hawai'i, June 27, 2014.

Presiding Judge

Associate Judge

Associate Judge

-5-